**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 21-7204**

─────────────

UNITED STATES OF AMERICA,

Petitioner - Appellee,

v.

CHARLES YATES,

Respondent - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:08-hc-02073-D)

─────────────

Submitted:  August 25, 2022                          Decided:  September 7, 2022

─────────────

Before QUATTLEBAUM and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF**:  Lawrence H. Brenner, BRENNER & BRENNER, PA, Carrboro, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, Holly P. Pratesi, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Yates appeals the district court's order revoking his conditional release and remanding him to the custody of the Attorney General pursuant to the Adam Walsh Child Protection and Safety Act of 2006 ("Adam Walsh Act"), 18 U.S.C. §§ 4247-4248.  Finding no reversible error, we affirm.

"[W]e review the district court's factual findings for clear error and its legal conclusions *de novo*."  *United States v. Bell*, 884 F.3d 500, 507 (4th Cir. 2018).  "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. Bolander*, 722 F.3d 199, 206 (4th Cir. 2013) (internal quotation marks omitted).  "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently."  *Id.* (internal quotation marks omitted).

The Adam Walsh Act provides the following regarding the revocation of conditional release:

> The director of a facility responsible for administering a regimen imposed on a person conditionally discharged under subsection (e) shall notify the Attorney General and the court having jurisdiction over the person of any failure of the person to comply with the regimen.  Upon such notice, or upon other probable cause to believe that the person has failed to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, the person may be arrested, and, upon arrest, shall be taken without unnecessary delay before the court having jurisdiction over him.  The court shall, after a hearing, determine whether the person should be remanded to a suitable facility on the ground that he is sexually dangerous to others in

2

light of the failure to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment.

18 U.S.C. § 4248(f). In view of the statute, we conclude that the district court did not clearly err in concluding that Yates failed to comply with the prescribed regimen and that he was sexually dangerous in light of this failure.

Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*